-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

LEROY DORSEY,

          Petitioner,

    -v-

N.Y.S., et al.,

          Respondents.

**DECISION AND ORDER**
11-CV-1097F

───────────────────────────────

## INTRODUCTION

Plaintiff, Leroy Dorsey, currently an inmate at the Elmira Correctional Facility, initially filed what he self-styled as a petition for a writ of habeas corpus in the United States District Court, Eastern District of New York, which, although noting that the nature of Dorsey's claims was "unclear," transferred the matter to this Court because the alleged events or omissions stem from incidents at Elmira, which is located within this District. (Docket No. 2, Transfer Order.) The allegations of the "petition" were summarized by the Eastern District as "[petitioner] is in the hospital on a hunger strike and that Elmira Correctional Facility illegally released him from '"one-on-one' watch." The Eastern District also noted that petitioner had not filed a motion to proceed *in forma pauperis* nor paid the filing fee but left to this Court what steps to be taken to address this defect. (*Id.*)

Following the transfer of the case to this Court, petitioner filed two requests for a temporary restraining order alleging, as best the Court can decipher, that on February 10, 2012, he was subjected to "deliberate indifference" and the "use of forces" by the Deputy Superintendent of Security, Steven Wunderlich, two unidentified correctional officers and

11 "O.B.S." Mental Health Unit Officers. It appears that plaintiff is claiming that he was refused or denied medical treatment and assaulted. But he has not identified the type or nature of the treatment allegedly refused or denied, nor has he described the nature of the excessive force allegedly used. (Docket No. 6-7.) As with the instant petition, and numerous other complaints and documents petitioner has filed in this Court, the nature of the claims alleged are nearly impossible to understand and decipher and appear, at times, to be wholly delusional.

For the reasons set forth below, petitioner must submit to the Court an application to proceed *in forma pauperis* and a prison authorization by **August 18, 2012**, or this action will be dismissed without prejudice; the petition will be recharacterized as a complaint brought under 42 U.S.C. § 1983 unless the petitioner files a response to this Order by **August 18, 2012**, demonstrating why he properly filed the present action as a petition for a writ of habeas corpus; the petitioner, if he does not file a response to this Order demonstrating why his petition should not be recharacterized as a complaint under § 1983, must submit an amended complaint by **August 18, 2012**, on the Court's *pro se* complaint form only outlining succinctly the factual nature of his claims herein and who the defendants are that he claims were personally involved in the alleged constitutional violations; and the motions for a temporary restraining order are denied without prejudice.

## DISCUSSION

### A. *In Forma Pauperis* Application and Recharacterization

Before the Court can proceed with an action or petition, it must first receive either a filing fee or a motion to proceed *in forma pauperis*. See 28 U.S.C. §§ 1914, 1915(a).[1] As noted, the Eastern District of New York received neither prior to transferring the matter to this Court. This Court has received neither since the transfer. Also, because the claims being asserted herein appear to relate to the conditions of petitioner's confinement at Elmira, and not the fact of petitioner's confinement or its duration, the petition should be recharacterized and construed as a complaint under 42 U.S.C. § 1983. *See Adams v. McGinnis*, 317 F.Supp.2d 243, 244 (W.D.N.Y.2004) (citing *Edwards v. Balisok*, 520 U.S. 641 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Jenkins v. Haubert*, 179 F.3d 19, 25 (2d Cir.1999) ( "a § 1983 suit by a prisoner ... challenging the validity of a disciplinary or administrative sanction that does not affect the overall length of the prisoner's confinement is not barred by Heck and Edwards.")); *see also Chamber v. U.S.*, 106 F.3d 472, 475 (2d Cir. 1997) (pro se petitions should be characterized according to the relief sought, and not by the label given to them by pro se prisoners unlearned in the law); *Ford v. Smith*, 9:06-CV-89 FJS/DEP), 2007 WL 188724, at *1 (N.D.N.Y., Jan. 20, 2007) ("In light of Petitioner's pro se status, rather than dismissing this action for seeking relief not available pursuant to 28 U.S.C. § 2254, the Court will recharacterize this petition as a § 1983 complaint.") (quoting *Chambers*, 106 F.3d at 475).

---

[1] The filing fee for a civil action is $350.00, and for a petition for a writ of habeas corpus is $5.00.

Before the Court recharacterizes the petition as a § 1983 complaint, however, it will afford petitioner the opportunity to demonstrate to the Court why he properly filed his petition as a petition for a writ of habeas corpus and, therefore, why the Court should not recharacterize his pleadings as a civil rights complaint pursuant to 42 U.S.C. § 1983. *See Ford*, 2007 WL 188724, at **1-2.

### B. Amended Complaint

As noted, plaintiff's pleading is, at best, illogical and impossible to decipher and, at worst, delusional. Assuming the petitioner consents to the recharacterization as set forth above, he must submit by **August 18, 2012**, an amended complaint on the Court's *pro se* prisoner complaint form and set forth in short and plain statements, *see* Fed.R.Civ.P. 8 and 10, the factual nature of his claims--*e.g.*, what occurred, how it occurred, when it occurred and where it occurred--and name as defendants only those individuals who he claims were personally involved in the alleged constitutional violations.[2] *See Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed.R.Civ.P. 15(a)(2) ("court should freely give leave when justice so requires"); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir.2000) (A district court "should not dismiss without granting leave to amend at least once

---

[2]*Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995) ("The bare fact that [the defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain [plaintiff's] claim"); *see also Montero v. Travis*, 171 F.3d 757, 761-62 (2d. Cir. 1999) (A claim which fails to demonstrate a defendant's personal involvement in the alleged constitutional deprivation is subject to *sua sponte* dismissal.) (citing *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997)).

when a liberal reading of the complaint gives any indication that a valid claim might be stated.") (internal quotation and citation omitted)).

Accordingly, if plaintiff consents to the recharacterization of his petition to a complaint under 42 U.S.C. § 1983 or does not file a response to this Order by **August 18, 2012** demonstrating why the petition should not be recharacterized, he shall submit an amended complaint, as directed above, by **August 18, 2012**. Plaintiff's failure to submit an amended complaint by that date will lead to the dismissal of the recharactized action with prejudice, pursuant to 28 U.S.C. § § 1915(e)(2)(B) and 1915A.

### C. Requests for Temporary Restraining Order

As noted, plaintiff has filed two documents entitled "Plaintiff Petioners [sic] Request for TRO–Temporary Restraining Order" alleging that he was subjected to deliberate indifference and the use of excessive force on February 10, 2012, by the Depuyt Superintendent, two correctional officers and 11 O.B.S., Mental Health Unit Officers. (Docket Nos. 6 and 7.) As with the petition, and most other documents submitted by petitioner in this Court on other matters, the requests are not logical nor intelligible, and fail to support a request for such an extraordinary remedy. See Fed.R.Civ.P. 65(b); *Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985), *Paulsen v. County of Nassau*, 925 F. 2d. 65, 68 (2d Cir. 1991). Accordingly, petitioner's requests for a temporary restraining order are denied without prejudice to re-filing upon petitioner's consent to the recharacterization of this petition to a complaint under 42 U.S.C. § 1983 and the filing of an amended complaint.

## **ORDER**

IT IS HEREBY ORDERED that plaintiff must submit a motion to proceed *in forma pauperis* and a prison authorization form no later than **August 18, 2012**. If petitioner fails to submit an application to proceed *in forma pauperis* and a prison authorization by said date this action will be dismissed without prejudice;

FURTHER, that petitioner must submit a written response to this Order by **August 18, 2012** either (1) consenting to the recharacterization of his petition to a complaint under 42 U.S.C. § 1983, or (2) demonstrating why he properly filed the present action as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and, therefore, why the Court should not recharacterize it as a complaint under § 1983.  Petitioner's failure to timely respond to this Order will result in the recharacterization of this petition as a § 1983 civil rights complaint.

FURTHER, that if plaintiff consents to the recharacterization or does not file a response to this Order by **August 18, 2012**, demonstrating why the petition should not be recharacterized as a complaint under 42 U.S.C. § 1983, he shall submit an amended complaint under 42 U.S.C. § 1983 on the Court's *pro se* complaint "Form To Be Used In Filing A Complaint Under the Civil Rights Act, 42 U.S.C. § 1983 (Prisoner Complain Form)", as directed above, by **August 18, 2012**.  Plaintiff's failure to submit an amended complaint by that date will lead to the dismissal of the recharactized action with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A;

FURTHER, that the Clerk of the Court shall forward to petitioner the Court's form motion to proceed *in forma pauperis* and prison authorization, and the Court's Prisoner Complaint Form; and

FURTHER, that plaintiff's requests for a Temporary Restraining Order are denied without prejudice.

SO ORDERED

Dated:   July 13, 2012
         Buffalo, New York

WILLIAM M. SKRETNY
Chief Judge
United States District Court