-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LEROY DORSEY,

        Plaintiff,

      -v-                    11-CV-1097F

BRIAN FISCHER, Commissioner, et al.,,     **ORDER**

        Defendants.

_____

FILED
FEB 2 7 2014
MICHAEL J. ROEMER, CLERK
WESTERN DISTRICT OF NY

## PROCEDURAL BACKGROUND

This action was initially filed in the United States District Court, Eastern District of New York as a petition for a writ of habeas corpus and transferred to this District based on what appeared to be allegations involving acts or omissions that occurred at the Elmira Correctional Facility. (Docket No. 2, Order Transferring Case.)  Following transfer, plaintiff filed two motions for a temporary restraining order. This Court, upon review of the plaintiff's "petition" and subsequently filed motions for a temporary restraining order: (1) denied the motions for a temporary restraining order, (2) provided plaintiff notice that the petition was to be recharacterized as an action under 42 U.S.C. § 1983 and an opportunity to withdraw this action if he did not want it to be so recharaacterized, (3) directed plaintiff to file an application to proceed *in forma pauperis* and Prison Authorization, and (4) directed plaintiff to file an amended complaint which set forth an

actionable claim under § 1983. (Docket No. 10, Decision and Order.) The Court also noted that the nature of plaintiff's claims purportedly set forth in the initial petition, motions for a temporary restraining order and miscellaneous documents filed by plaintiff were "nearly impossible to understand and decipher, and appear[ed], at times, to be wholly delusional." (Id., at 2.)

Plaintiff then filed, at separate times, a request for an extension of time, an amended complaint, two separate motions to amend the complaint, a motion to proceed in forma pauperis and a request for an order directing defendants to return his legal mail and receipts. The Court granted plaintiff permission to proceed in forma pauperis, and dismissed the motion for an extension of time and motions to amend the complaint as moot because plaintiff had filed an amended complaint and because, pursuant to Fed.R.Civ.P. 15(a), plaintiff did not need leave of court at that time to amend the complaint. (Docket No. 24, Decision and Order, at 2.) The Court also denied plaintiff's request for a return of his legal mail and advised plaintiff that he could present said claims in an amended complaint if he wished. (Id., at 2-3.)

Plaintiff has filed another amended complaint, which the Court will now screen pursuant to 28 U.S.C. § § 1915(e)(2)(B) and 1915A.

## DISCUSSION

Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this amended complaint.

In evaluating the amended complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See* <u>Larkin v. Savage</u>, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); <u>King v. Simpson</u>, 189 F.3d 284, 287 (2d Cir. 1999). While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," <u>McEachin v. McGuinnis</u>, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *See* <u>Wynder v. McMahon</u>, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." <u>Whalen v. County of Fulton</u>, 126 F.3d 400, 405 (2d. Cir. 1997) (citing <u>Eagleston v. Guido</u>, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the amended complaint, the Court finds that plaintiff's claims must be dismissed pursuant

to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief can be granted.

### A. Amended Complaint

Plaintiff's amended complaint, which is at least legible unlike most of his previous pleadings and papers, is nonetheless wholly conclusory, vague and illogical. It names, at various parts of the pleading, over 40 defendants, many of whom appear to be prison officials and employees at Elmira, and then at other parts alleges what appear to be violations of his constitutional rights but in conclusory terms only. For example, in one part of the amended complaint he lists in sequential fashion a number of claims or purported constitutional violations: "(i) Inadequate clothing minimum standards, (ii) Inadequate cell lighting, (iii) Inadequate plumbing, (iv) Inadequate drinking water, (v) Stolen Personal Cosmetics, (vi) Denied state soap . . . ." (Docket No. 12, Amended Complaint.) None of these claims are supported by facts nor are there any allegations as to what defendants were personally involved in the alleged denials. *See* Sealey v. Giltner, 116 F.3d 47, 51 (2d Cir. 1997).

At another point in the amended complaint, plaintiff sets forth the following allegations of deliberate indifference:

> From: Jan. 15, 2011 to Present 2012 with Deliberate Indifference to plaintiff['s] ... serious medical needs to inflict cruel and unusual punishment of unnecessary and wanton infliction of pain; inhuman treatment, to cause failures in attending to my medical needs; this Defendant-C.O. Shashada-has caused injuries physical,

4

and, mentally to [plaintiff] by: (A) Stealing Medical
Hospital Outgoing Mail, and, sick call slips from out of
cells (35, 46) 47, doors (B)-Dictating the Medical
Treatment of nurses-Norfolk-Shannon of plaintiff in
special housing unit supervisors officer at first
screening which was given allowed in Woodbourne,
Coxsackie, Clinton, Great Meadow-Superintendents-Dep.
Supt. Security-Medical Permits of 'All Medical Dept.'s,
via, 'Outside Hospital Treatment'-Denied-'Jan. 15, 2011-
Present 2012' ....

(Amended Complaint.)

These allegations, like all the allegations set forth in the

amended complaint, are wholly conclusory, confusing and illogical

and fail to state a claim upon which relief can be granted. Even

though construed liberally, *pro se* pleadings must nonetheless meet

the notice requirements of Rule 8 of the Federal Rules of Civil

Procedure. *See* <u>Tejada v. Mance</u>, 2008 WL 4384460, at *5 (N.D.N.Y.

Sept. 22, 2008). Under Rule 8a)(2), a pleading must contain a

"short and plain statement of the claim showing that the pleader is

entitled to relief." Rule 8 "demands more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 556

U.S. 662, 678 (2009). Thus, a pleading that only "tenders naked

assertions devoid of further factual enhancement" is insufficient.

<u>Id.</u> (internal citations and alterations omitted).

Because plaintiff's amended complaint is so conclusory,

illogical and vague as to fail to give defendants adequate notice

of the claims against them, *see* <u>Bell Atlantic Corporation</u>, 550 U.S.

at 555 (Rule 8(a)(2) requires the complaint to "give the defendant

fair notice of what the ... claim is and the grounds upon which it

rests")(internal quotations and citations omitted)), the amended complaint must be dismissed with prejudice.  See <u>Ellis v. Chao</u>, 336 F.3d 114, 127 (2d Cir. 2003) (district court need not grant leave to amend where an amendment would be "futile." (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Plaintiff has been provided ample opportunity to attempt to state a claim(s) against the defendants and the Court finds no basis to allow him another opportunity.  *See* <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir.2000) (A district court "should not dismiss without granting leave to amend *at least once* when a liberal reading of the complaint gives any indication that a valid claim might be stated.") (emphasis added)).

## CONCLUSISON

For the reasons discussed above, the amended complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A.  Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  *See* 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. <u>Coppedge v. United States</u>, 369 U.S. 438 (1962).

Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

<u>ORDER</u>

IT HEREBY IS ORDERED, that the amended complaint (Docket No. 12) is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

SO ORDERED.

S/ Michael A.  Telesca

_____

MICHAEL A. TELESCA
United States District Judge

Dated:      February 26, 2014
            Rochester, New York